UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER OZOLINIS and ) <br> ANN MARIE PARISI ) <br>     Plaintiffs ) <br> ) <br> v. ) <br> ) <br> FOREST RIVER, INC. and ) <br> ORCHARD TRAILERS, INC. ) <br>     Defendants. ) | Civil Case No. 14-CV-30209-MAP |

MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO
REOPEN AND REINSTATE
(Dkt. No. 31)

I.    INTRODUCTION

Before the court is the plaintiffs' motion to reopen and reinstate ("Motion to Reopen"), based on alleged breaches of a settlement agreement reached between the parties in or around October 2015, and memorialized in a written agreement fully executed by the parties on November 6, 2015 ("Settlement Agreement") (Dkt. No. 31 at 2; Dkt. No. 31-1). The motion, which is opposed by the defendants (Dkt. Nos. 36 & 37), was referred to the undersigned for decision by the presiding District Judge on August 9, 2016 (Dkt. No. 34), and the court held a hearing on the motion on September 26, 2016 (Dkt. No. 43). At the hearing the parties were directed to confer and report to the court by no later than October 17, 2016 as to whether they could agree to a resolution of the dispute on terms different than those to which they had previously agreed (*id*.) The parties having reported that they could not reach an alternative agreement (Dkt. No. 45), the motion is ripe for decision. For the reasons set forth below, the court DENIES the plaintiffs' Motion to Reopen, and orders enforcement of the parties' November 2015 Settlement Agreement, as set forth below.

II.    RELEVANT BACKGROUND

1

Plaintiffs filed this action on December 5, 2014, bringing claims of breach of warranty pursuant to the Magnuson-Moss Federal Act, 15 U.S.C. §§ 2301 et seq; breach of the implied warranty of merchantability pursuant to the Magnuson-Moss Federal Act, 15 U.S.C. §§ 2301 et seq. and Massachusetts General Laws § 2-314 and § 2-318; revocation of acceptance; breach of express warranties; and violations of the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A, arising from the plaintiffs' purchase of a travel trailer ("Trailer") manufactured by defendant Forest River, Inc. ("FR") and sold to the plaintiffs by defendant Orchard Trailers, Inc. (Dkt. No. 1).

On October 26, 2015, the plaintiffs filed a notice of settlement with the court and the court entered a sixty-day settlement order of dismissal (Dkt. Nos. 17 & 18).  In summary, the November 6, 2015 Settlement Agreement called for a cash payment to the plaintiffs by FR, and that FR make certain enumerated repairs to the Trailer and thereafter deliver the Trailer, in a winterized condition, to a location where Mr. Ozolinis could inspect it.  On December 26, 2015, February 24, 2016, April 25, 2016, June 28, 2016, and July 25, 2016 the court allowed the plaintiffs' successive motions to extend the time during which they could file a motion to reopen the case (Dkt. Nos. 20, 22, 24, 26, 30).  The plaintiffs filed their Motion to Reopen on July 25, 2016 (Dkt. Nos. 31 & 32).

According to FR's opposition to the Motion to Reopen, in the months following execution of the Settlement Agreement, the parties agreed to several modifications and adjustments thereto "based on a variety of unanticipated circumstances" (Dkt. No. 36 at 2). According to FR, it made repairs and timely delivered the Trailer to the location specified in the Settlement Agreement (*id.*).  Plaintiffs refused to accept delivery of the Trailer because of new damage during transportation and the failure to repair one item on the list of specified repairs.

FR agreed to make additional repairs. When those repairs were completed, Mr. Ozolinis was unable to inspect the Trailer, or to hire anyone else to inspect it for him, for some four months.[1] When Mr. Ozolnis inspected the Trailer some four months later, he discovered that there had been additional damage during storage. FR agreed to make further repairs at no cost to the plaintiffs, who, however, learned that those repairs could not be completed before the end of summer 2016 by the repair facility where the Trailer was stored. The plaintiffs filed their Motion to Reopen notwithstanding FR's offer to work diligently to identify another repair facility that would be able to restore the Trailer to good condition on a more expedited schedule (*id.*).

III. DISCUSSION

FR is wrong that there is no basis for federal jurisdiction in this matter (Dkt. No. 36 at 4). Jurisdiction over this case was retained by this court during the sixty-day period following entry of the settlement order of dismissal. *See Queens Syndicate Co. v. Herman*, 691 F. Supp. 2d 283, 288 (D. Mass. 2010) (citing *Pratt v. Philbrook*, 109 F.3d 18, 21 n.5 (1st Cir. 1997)), *aff'd sub nom Quincy V, LLC v. Herman*, 652 F.3d 652 (1st Cir. 2011). "By unavoidable implication, that same jurisdiction is retained during any period by which the court properly extends the sixty-day period in order to insure that a settlement is enforced." *Id.* at 289. As is set forth above, the plaintiffs were diligent in filing motions to ensure that this court retained its jurisdiction to enforce any settlement agreement between the parties or to reopen the case, and the court

---

[1] The plaintiffs had informed FR that Mr. Ozolinis would have to hire someone else to inspect the repaired Trailer if repairs were completed after December 5, 2015. The Settlement Agreement provided that FR would pay the costs of inspection by a third party if it delivered the repaired Trailer after December 5, 2015 (Dkt. No. 31-1). Mr. Ozolinis was unable to hire someone else to inspect the Trailer in his stead, so the Trailer was not inspected until Mr. Ozolinis was in a position to do so himself. That inspection took place more than four months after repairs were ostensibly completed (Dkt. No. 31 at 4; Dkt. No. 31-1 at 2; Dkt. No. 36 at 2).

allowed each of those motions.  Accordingly, this is not "a contract dispute which requires a new jurisdictional basis to be heard in federal court."  *Quincy V, LLC*, 652 F.3d at 121.  This leaves the question of whether the plaintiffs are entitled to set aside the Settlement Agreement, a request which is opposed by both defendants, who contend that the most the plaintiffs are entitled to is an order enforcing the terms of the Settlement Agreement (Dkt. No. 36 at 1; Dkt. No. 37 at 1).  The court concludes that the plaintiffs are not entitled to set aside the agreement.

It is well-established that "[p]olicy favors the enforcement of settlement agreements so as to hold people to the contracts they make and to avoid costly and time-consuming litigation."  *Hansen v. Rhode Island's Only 24 Hour Truck & Auto Plaza, Inc.*, 962 F. Supp. 2d 311, 315 (D. Mass. 2013) (citing *T & T Mfg. Co. v. A.T. Cross Co.*, 587 F.2d 533, 538 (1st Cir. 1978)); *see also Quint v. A.E. Staley Mfg. Co.*, 246 F.3d 11 (1st Cir. 2001) (affirming trial court's enforcement of the parties' settlement agreement where parties had agreed on all material terms).  "A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it."  *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993); *see also Malave v. Carney Hosp.*, 170 F.3d 217, 220 (1st Cir. 1999); *Dankese v. Defense Logistics Agency*, 693 F.2d 13, 16 (1st Cir. 1982) ("[A] trial court retains an inherent power to supervise and enforce settlement agreements entered into by parties to an action pending before the court.").

The plaintiffs contend that FR has breached the Settlement Agreement and that FR's breaches entitle the plaintiffs to set aside the Settlement Agreement and reopen and litigate the case.[2]  In support of this contention, they rely on *Maleve*, 170 F.3d at 217; *Dankese*, 693 F.2d at

---

[2] Defendant Orchard Trailers, Inc. is also a party to the Settlement Agreement, but under the terms of the Agreement, it had no payment or other obligations.

13; and *Huynh v. City of Worcester*, Civil Action No. 08-40240-TSH, 2010 WL 3245430 (D. Mass. Aug. 17, 2010). While, to varying degrees, these cases acknowledge that a defendant's repudiation or material breach of a settlement agreement may warrant vacating a settlement dismissal and reopening a case, they do not support the plaintiffs' claim that they should be relieved of the bargain they made with these defendants. In *Maleve*, the district court summarily granted the defendant's motion to enforce a purported settlement. The First Circuit stated that, "as a general rule, a trial court may not summarily enforce a purported settlement agreement if there is a genuinely disputed issue of material fact regarding the existence or terms of that agreement. *Maleve*, 179 F.3 at 220. Because, in *Maleve*, there was a genuine dispute about whether plaintiff's counsel had authority to settle the case for the amount of the purported settlement, the First Circuit remanded the case to the trial court for an evidentiary hearing. *Id.* at 223. In contrast, the parties in the case at bar agreed on all of the material terms of a settlement and signed a painstakingly negotiated, detailed, five-page Settlement Agreement (Dkt. No. 31-1). There is no dispute in the instant case about the fact of settlement, or the terms on which the parties agreed to resolve their dispute.

In *Huynh*, the plaintiff's attorney violated the confidentiality provision in the plaintiff's settlement agreement with the City of Worcester. The City moved to set aside the settlement agreement, reopen the case, and restore it to the court's trial calendar. The court acknowledged its authority to do so pursuant to Federal Rule of Civil Procedure 60(b), and concluded that the breach of the plaintiff's obligation of confidentiality was a breach of a material provision of the settlement agreement. *Huynh*, 2010 WL 3245430, at \*\*2-3. The court nonetheless denied the defendants' motion to reopen the case and reinstate it to the trial calendar, instead imposing a financial penalty on the offending attorney. *See id.*, at \*4.

In *Dankese*, the parties agreed to a settlement that required, among other things, that three of the defendant's employees submit affidavits containing their best recollections of the contents of a file of documents concerning the plaintiff, Mercurio Dankese. Mr. Dankese sought an order from the court to reopen the case because the affidavits submitted by the three employees did not provide the information about the lost file that he was hoping to learn or confirm. The court stated "that if a settlement agreement is repudiated by a defendant, the plaintiff may either seek an order enforcing the agreement *or may seek to reopen the proceedings*." *Dankese*, 693 F.2d at 15 (emphasis supplied). The court, however, affirmed the trial court's refusal to reopen the case, leaving to the trial court the decision about whether the plaintiff appellant had produced sufficient evidence of the defendant appellee's noncompliance with the settlement agreement to entitle the plaintiff to an evidentiary hearing to address and, if necessary, order a remedy for, the defendant's alleged noncompliance. *See id.* at 15-16.

Collectively, these cases demonstrate great reluctance on the part of courts to vacate a carefully negotiated settlement agreement such as the one the parties entered into in this case, where all of the material terms were agreed upon and where the party that has not fully complied with the agreement has not repudiated the agreement and represents that it stands willing to comply with its material terms. The key components of the Settlement Agreement were that FR was obligated to: (1) pay the plaintiffs a sum certain within ten days of execution of the Settlement Agreement, which occurred on November 6, 2015; (2) complete certain itemized repairs and return the repaired Trailer to the plaintiffs by no later than November 30, 2015; (3) pay the plaintiffs a dollar amount per day for each day beyond November 30, 2015 that FR failed to deliver the repaired Trailer to the plaintiffs; and (4) extend the optional protection plan on the Trailer for one year from the date when FR delivered the repaired Trailer to the plaintiffs (Dkt.

No. 31-1). The parties implicitly entered into a mutually agreed upon modification to the Settlement Agreement insofar as FR undertook to make additional repairs to the Trailer and return it to the plaintiffs in good condition in consideration of plaintiffs' continued willingness to participate in the settlement. *See Cochran v. Quest Software, Inc.*, 328 F.3d 1, 5 (1st Cir. 2003) (parties may mutually agree, expressly or by implication, to modify the terms of their agreement). There is no reason why these terms of agreement between the parties cannot be summarily enforced, *see Hardage*, 170 F.3d at 220, nor is there anything unfair about doing so. The delay in completion of the agreement rests in part with the plaintiffs, who were unable to find a replacement for Mr. Ozolinis to inspect the repaired Trailer in December 2015 as they had represented that they would, as well as with FR, which failed to make one of the repairs it had agreed to make and delivered the Trailer with damage that occurred during transportation. In apparent acknowledgement of its responsibility for the condition of the Trailer, FR has undertaken additional repair obligations. The plaintiffs cannot plausibly claim that time was of the essence where the agreement provides for a penalty of a dollar amount per day to be paid to the plaintiffs by FR for every day beyond December 5, 2015 on which the plaintiffs have been deprived of the use of the Trailer.

      Accordingly, the court will summarily enforce the parties' Settlement Agreement, as set forth below. *See Queens Syndicate Co.*, 691 F. Supp. 2d at 289-90; *Quint*, 246 F.3d at 15; *Hansen*, 962 F. Supp. 2d at 315-16. Although the case will continue to be administratively closed, it will be subject to the court's ongoing retained jurisdiction to enforce as necessary the terms of the parties' negotiated agreement. *See Queens Syndicate Co.*, 691 F. Supp. 2d at 290.

    IV.    CONCLUSION

For the foregoing reasons, the court DENIES the plaintiffs' Motion to Reopen, and orders enforcement of the parties' November 6, 2015 Settlement Agreement as follows:

- Forest River, Inc. shall pay the plaintiffs the sum set forth in Section 5 of the Settlement Agreement within ten days of the date of this order;[3]

- The parties are to cooperate in good faith to agree by no later than January 20, 2017 on a complete list of repairs to be made to the Trailer to restore it to good condition (unless the parties mutually agree to a date later than January 20, 2017);

- FR is to cause those enumerated repairs to made in a timely manner, and, in any event, by no later than February 28, 2017 (unless the parties mutually agree to a date later than February 28, 2017 for completion of enumerated repairs);

- Mr. Ozolinis is to inspect the repaired Trailer by no later than March 10, 2017 and accept delivery if all agreed-upon repairs have been made (unless the parties agree to a different deadline for inspection of the Trailer);

- On Mr. Ozilinis's acceptance of the repaired Trailer, FR is pay the plaintiffs the dollar amount per day set forth in Section 4 of the Settlement Agreement for each day beyond November 30, 2015 that the Trailer was not in the plaintiffs' possession.

- Provisions of the Settlement Agreement concerning delivery of the Trailer shall apply unless modified by mutual agreement of the parties.

This case will remain administratively closed, but will be subject to the court's ongoing retained jurisdiction to enforce as necessary the terms of the parties' negotiated agreement.

---

[3] FR's position that it will make this payment when the plaintiffs have accepted delivery of the Trailer is wholly unjustified. The Settlement Agreement explicitly provided that this payment was to be made within ten days of the full execution of the Settlement Agreement. The plaintiffs report that the Settlement Agreement was fully executed on November 6, 2015 and FR has not suggested otherwise.

It is so ordered.

Dated:  December 13, 2016                                          /s/ Katherine A. Robertson
                                                                   KATHERINE A. ROBERTSON
                                                                   U.S. MAGISTRATE JUDGE